UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Marcelino N. Villali,<br>individually and on behalf of all others similarly situated,<br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　　　　　-v.-<br><br>National Enterprise Systems, Inc.,<br>　　　　　　　　　　　　　　　Defendants. | Case No.: 2:22-cv-2639<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Marcelino N. Villali ("Plaintiff") brings this Class Action Complaint by and through his attorneys, against Defendant National Enterprise Systems, Inc. ("NES" or "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

　　1.　　The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

　　2.　　The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Tennessee consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Tennessee.

8. Defendant NES is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

9. Upon information and belief, Defendant NES is a company that uses the mail, telephone and internet, and regularly engages in business the principal purpose of which is to collect debts, and regularly collects debts owed to others.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Tennessee;

    b. to whom Defendant NES sent a collection letter;

    c. attempting to collect a consumer debt;

    d. wherein the quoted amount "paid" and/or "credited" toward the debt was not accounted for in the quoted "Total amount of the debt now;" and

    e. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692e and 1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff

Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692e and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to January 13, 2022, Plaintiff allegedly incurred one or more obligations to non-party Bank of America, N.A. ("BofA").

21. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically personal credit.

22. The alleged BofA obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. BofA is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. Upon information and belief, through one or more transactions, Defendant became the owner of the right to collect the alleged debt.

25. Upon information and belief, BofA contracted with the Defendant NES to collect the alleged debt.

26. Defendant NES collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violations – January 13, 2022 Collection Letter*

27. Defendant sent Plaintiff a collection letter on or about January 13, 2022 ("Letter") regarding the alleged debt.  **See Letter attached as Exhibit A**.

28. The Letter states that the "Total amount of the debt now" is $6,751.23.

29. The Letter also states:

As of May 30, 2020, you owed: $6,751.23
Between May 30, 2020 and today you paid or were credited this amount toward the debt: $314.00

30. These amounts are nonsensical.

31. These amounts are contradictory.

32. If the debt was $6,751.23 on May 30, 2020 and $314.00 was paid or credited since, then the amount of debt now cannot be $6,751.23.

33. If the debt is now $6,751.23, then $314.00 was not paid or credited since May 30, 2020.

34. But Defendant's Letter says that $314.00 has been paid or credited during that time.

35. It thus appears the Defendant is not properly crediting a payment and attempting to overcharge the Plaintiff, in direct violation of the FDCPA.

36. Defendant is improperly claiming an incorrect balance owed on an alleged debt.

37. The amounts listed do not add up and therefore do not make sense.

38. Because of the conflicting information provided, Plaintiff suspected the Letter might be fraudulent or suspect, in whole or in part.

39. Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the amount of his obligation is static or dynamic.

40. Plaintiff has therefore been misled as to whether paying the listed balance will close the account, or whether another credit might impact the debt, so that less than the current balance would be needed to close the account.

41. Or that if he paid the amount listed, he would be overpaying as the debt was decreasing over time.

42. Defendant is required to advise the Plaintiff what he will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest, or other additions, that will cause the balance to increase.

43. The Letter materially misled Plaintiff because when faced with two equal-amount debts, one of which is getting smaller (dynamic) and one of which will never get smaller (static), Plaintiff would pay the static debt first.

44. A changing balance is a quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual, or refrain from paying as a means of taking advantage of a shrinking balance.

45. Plaintiff does not know why the mysterious payment/credit was removed nor whether it might be added again after some period of time if the debt remained unpaid.

46. The Letter is therefore false, deceptive, misleading, and unfair.

47. Because of the conflicting information, Plaintiff suspected the Letter might be fraudulent or suspect, in whole or in part.

48. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it.

49. Plaintiff was therefore unable to make payment on the debt.

50. The funds Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

51. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he did indeed owe the debt.

52. Defendant's conduct prevented Plaintiff from acting in the way he would have otherwise acted had Defendant's Letter not been improper.

53. Plaintiff was unable to properly respond as it would be foolhardy for Plaintiff to pay some or all of this debt when the Letter itself demanding payment did not make sense.

54. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

55. Because of Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

56. He spent this trying to determine how much the alleged debt was in reality.

57. He spent this trying to determine from which component parts this debt was comprised.

58. He spent this trying to determine how this debt came to be the alleged balance despite conflicting information in the Letter.

59. He spent this trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

60. During this time, and because of this, Plaintiff suffered emotional harm because of Defendant's improper acts.

61. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, suspecting a fraudulent collection.

62. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, as it appeared that someone was coming after him collecting on a perhaps incorrect debt.

63. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, as the Letter seemed to be collecting on a nonsensical debt.

64. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, as the Letter did not make sense on its face.

65. Plaintiff disputes the amount of this alleged debt.

66. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

67. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

68. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

69. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

70. Plaintiff is entitled to receive proper notice of the amount of the debt, as required by the FDCPA.

71. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

72. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

73. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

74. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

75. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, the Defendant's debt collection.

76. As described above, Plaintiff was misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

77. As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

78. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

79. Plaintiff repeats the above allegations as if set forth here.

80. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

81. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

82. Defendant violated said section as described above by making false, deceptive, and misleading representations and falsely representing the character and amount of the alleged debt, and by failing to note the balance was changing, in violation of §§ 1692e, 1692e (2), and 1692e (10).

83. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

84. Plaintiff repeats the above allegations as if set forth here.

85. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

86. Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must state the amount of the debt.

87. Defendants violated this section by failing to provide the amount of the debt, and overshadowing, confusing, misrepresenting, and/or or clouding the amounts stated, in violation of § 1692g (a)(1).

88. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

89. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marcelino N. Villali, individually and on behalf of all others similarly situated, demands judgment from the Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq., as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 21, 2022                                Respectfully submitted,

**Stein Saks, PLLC**
/s/ Yaakov Saks
By:  Yaakov Saks, Esq.
One University Plaza, Ste. 620
Hackensack, New Jersey 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ysaks@SteinSaksLegal.com
*Attorneys for Plaintiff*